IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASH-SHAKUR SHABAZZ, #57268 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 1:05-CV-695-T |
| | (WO) |
| SHERIFF LAMAR GLOVER, *et al*., | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Ash-ShaKur Shabazz ("Plaintiff") is incarcerated in the Houston County Jail and files this 42 U.S.C. § 1983 action ("Section 1983") against Sheriff Lamar Glover, District Attorney Doug Valeksa, and Judge White. Plaintiff complains that (1) his bail is excessive; (2) neither he nor an attorney representative was present at his preliminary hearing; (3) he has not been appointed counsel; and (4) he has been denied a bail hearing. He requests that he be granted reasonable bail and that the charges against him be dismissed. (Doc. No. 1) Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. DISCUSSION**

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*A. Sheriff Glover*

Sheriff Glover has no authority or control over either the bail amount set in Plaintiff's criminal case or his other complaints about his criminal court proceedings. Such concerns are within the province of the state courts for Houston County, Alabama. Sheriff Glover, therefore, may not be held liable for the alleged constitutional violations presented by Plaintiff in this cause of action. *See Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). As Plaintiff's claims against Defendant Glover are "based on an indisputably meritless legal theory," they are due to be dismissed as frivolous under 28 U.S.C.§ 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

*B. The Excessive Bail Claim*

Plaintiff seeks a declaratory judgment on the propriety of the bail set by the Circuit Court for Houston County on charges pending against him for second- degree rape and sodomy. The law is well settled that a federal court has no jurisdiction or right to grant Section 1983 relief with respect to challenges of state court decisions in particular cases arising out of state judicial proceedings even if those challenges allege the unconstitutionality of the state court's action. *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986); *District of Columbia Court of*

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

*Appeals v. Feldman*, 460 U.S. 462 (1983). A Section 1983 action may not be used to compel a state court to take a particular course of action, *cf. Datz v. Kilgore, supra,* and it cannot operate as a substitute to appeal a state court decision. *Datz*, 51 F.3d at 254 (a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Thus, dismissal of Plaintiff's claim for declaratory relief arising from action of the state courts in setting his bail is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. The Pending Criminal Charges*

Plaintiff complains that a preliminary hearing on the charges pending against him was held in his absence and without an attorney present on his behalf and that Judge White has failed to respond to his requests for an attorney and a bail hearing. Plaintiff also appears to challenge the constitutionality of the second-degree rape and sodomy charges pending against him. Specifically, Plaintiff argues that the victim admitted that the conduct was consensual. Even if the conduct and/or omissions about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are pending before the state courts of Houston County, Alabama, and, thus, not appropriate for consideration by the court at this time.

In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the United States Supreme Court held

that a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can present the factual and legal bases for the alleged constitutional violations in the on-going state court criminal proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. The court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendant Glover be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's challenge to the amount of bail set by the Circuit Court for Houston County be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff's challenge to the criminal charges pending against him in the Circuit

Court of Houston County, Alabama, be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

4. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 15, 2005**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of August, 2005.

/s/ Delores R. Boyd

DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE